## UNITED STATES DISTRICT COURT
### District of Massachusetts

SIRVA RELOCATION, LLC
and
AETNA LIFE INSURANCE COMPANY,
       Plaintiffs,

V.

JULIAN T. TYNES,
SUNILA THOMAS-GEORGE and
JAMIE R. WILLIAMSON *in their Official Capacities*
*as Commissioners of the Massachusetts Commission*
*Against Discrimination,*
MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION,
COMMONWEALTH OF MASSACHUSETTS,
and DAVID KNIGHT,
       Defendants.

CIVIL ACTION NO.

_____

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### I.   PARTIES

1.      Plaintiff, Aetna Life Insurance Company ("Aetna"), is a corporation registered to do business in the Commonwealth of Massachusetts, with a principal place of business at 151 Farmington Ave., Hartford, CT 06156.

2.      Plaintiff, Sirva Relocation, LLC ("Sirva"), is a Delaware limited liability company, registered to do business in the Commonwealth of Massachusetts, with a principal place of business at 6200 Oak Tree Boulevard, Suite 400, Independence, Ohio 44131.

3.      Defendants, Julian T. Tynes, Sunila Thomas-George and Jamie R. Williamson are the duly appointed Commissioners of the Massachusetts Commission Against Discrimination ("MCAD"), an agency of the Commonwealth of Massachusetts, with addresses at One Ashburton Place, 6th Floor, Room 601, Boston, MA  02108; 455 Main St., Rm. 101, Worcester, MA  01608; 436 Dwight Street, Rm. 220, Springfield, MA

01103; and 800 Purchase Street, Room 501, New Bedford, MA 02740.  They are

referred to collectively herein as the "Commissioner Defendants."

4.  The Massachusetts Commission Against Discrimination is a state entity duly formed and

authorized to act under the laws of the Defendant Commonwealth of Massachusetts.

5.  Defendant, David Knight ("Mr. Knight") is an individual with an address of 5 Maple

Street, Brookline, Massachusetts. Mr. Knight was an employee of Sirva Relocation LLC.

Mr. Knight is named as an interested party, but plaintiffs seek no injunctive or other relief

against him personally.


## II.  JURISDICTION AND VENUE

6.  This case presents a federal question and therefore this Court has jurisdiction over this

action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201.

7.  Venue is proper in this district and section pursuant to 28 U.S.C. § 1391(c) and Local

Rule 40.1(D)(1)(c).


## III.  FACTS

8.  Sirva is one of a family of companies that provides services ranging from moving

household goods, to providing mortgage, corporate housing, pre-decision assistance

and other relocation services.

9.  Sirva established and maintained an employee benefit plan pursuant to the Employee

Retirement Income Security Act, 29 U.S.C. § 1001, et seq ("ERISA") for the purpose,

among others, of providing or making available to certain employees various benefits

including long term disability coverage.

10.  The long term disability benefits made available by Sirva to its employees is set forth in a

summary form in a Summary of Coverage, Effective June 1, 2004, ("SOC").  See SOC,

a true and genuine copy of which is attached hereto as **Exhibit A**.

11.     The long term disability benefits are made available to Sirva employees through a group policy issued by Aetna.  The benefits are administered by Aetna.

12.     The long term disability benefits in the Plan are provided under Group Life and Accident policy no. GP-604000-A, issued by Aetna ("the Policy") effective January 1, 1985 which was purchased by Sirva to provide benefits to Sirva employees, including Mr. Knight. A true and genuine copy of the Policy is attached to this Complaint as **Exhibit B**.  The Policy is an integral part of the ERISA-governed employee benefit Plan provided by Sirva to its employees.

13.     On or about November 2004, Mr. Knight ceased working at Sirva and began receiving long term disability benefits as a result of a mental disorder (a condition that is not a medically determinable impairment) for purposes of the long term disability benefits provided under Sirva's Plan.   Mr. Knight was paid his disability benefits through November 2006.

14.     The Policy, as described in the SOC, specifically on page 4 of the Section entitled "Period of Total Disability," expressly provides a maximum benefit period of 24 months for disability caused by a condition that is not a medically determinable physical impairment.   *See* **Exhibit A**.

15.     By letter dated December 4, 2006, Aetna informed Mr. Knight that his disability benefits terminated effective November 30, 2006 per the terms of the Plan.

16.     On or about September 20, 2007, Mr. Knight filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination, alleging that the Plan violates Mass. Gen. Laws, c. 151B § 4 and the Americans with Disabilities Act.   A true and genuine copy of the Charge is attached to this Complaint as **Exhibit C**.

17.     On or about November 8, 2007 Sirva and Aetna (collectively referred to as "Respondents") filed Respondents' Motion to Dismiss and Position Statement. Aetna and Sirva set forth therein more than sufficient factual and legal grounds to establish that

the Chapter 151B Cause of Action asserted in the MCAD proceeding was preempted under ERISA.

18.    Aetna and Sirva, in part, relied on the *Partners Healthcare System* decision of the United States District Court for the District of Massachusetts, 497 F.Supp. 2d 29 (D. Ma. 2007), which held that claims brought under Chapter 151B involving employee welfare benefit plans are preempted.

19.    It was not until April 7, 2010, almost 2½ years later, that MCAD, through Sunila Thomas George, issued a one half-page ruling, denying the motion to dismiss without prejudice. MCAD acknowledged that it was preempted with respect to making any determinations regarding the lawfulness of any employee benefit plans governed by ERISA, but refused to grant Aetna and Sirva's motion to dismiss because MCAD claimed to have "the authority to investigate and to decide the factual question of whether the plan at issue is an employee benefit plan within ERISA." MCAD made no special provision in its order, however, to attempt to resolve this simple factual question. A true and accurate copy of the MCAD ruling is attached to this Complaint as **Exhibit D**.

20.    Pursuant to c. 151B, §5, and the regulations promulgated thereto, 804 CMR 1.00 et seq., the MCAD, upon receipt of a Charge of Discrimination, is required to conduct a prompt investigation and determine whether there is sufficient evidence upon which a fact-finder could form a reasonable belief that it is more probable than not that the respondents to a charge committed an unlawful practice.

21.    After the denial of the motion to dismiss, Aetna and Sirva filed an Answer and Position Statement, on May 3, 2010 denying the charges and again setting forth the reasons why the MCAD claim was preempted under ERISA. A true and accurate copy of the Answer and Position Statement is attached to this Complaint as **Exhibit E**. Aetna and Sirva explained that the facts alleged by Knight in the charge he filed with the MCAD established the necessary prerequisites for preemption. Aetna and Sirva explained:

> The Complainant acknowledges in the charge that the LTD benefits at issue were provided by his employer as an employee benefit.   He acknowledges that his former employer, Sirva, provided the benefits and that he received the benefits that give rise to his allegations of violations of Chapter 151B as part of his employment.   These allegations establish that the benefits were offered under an employee welfare benefit plan governed by ERISA (citations omitted.)

22.   The MCAD did not advance the matter further until April 6, 2012, when MCAD investigator Jeannine Rice propounded Requests for Information to Aetna and Sirva ("RFI"), to which Aetna and Sirva replied on April 27, 2012.  Instead of focusing on the facts necessary to resolve the very straightforward preemption issue,  the RFIs covered a variety of other liability oriented topics including asking for "documentation in support of the fact that the 24-month long-term disability policy limitation relating to mental disorders is based on sound actuarial principles or reasonably anticipated experience." A true and accurate copy of copy of plaintiffs' response to this particular Request for Information is attached to this Complaint as **Exhibit F**.

23.   Aetna and Sirva responded to these requests approximately three weeks later, producing several hundred pages of requested documents.

24.   Then, after an additional six-month period elapsed, on October 10, 2012, Commissioner Sunila Thomas George issued a Probable Cause Finding that she had "found probable cause to credit the allegations in the [Charge]," and ordered a mandatory conciliation conference.  A true and accurate copy of the Finding is attached to this Complaint as **Exhibit G**.

25.   At that time, MCAD again avoided deciding the preemption question.  Commissioner George wrote:

> It is within the Commission's statutory power to investigate and to decide the factual question of whether the allegedly discriminatory plan is an ERISA plan. Respondents argument that the Commission lacks jurisdiction over the charge because the cause of action involves an ERISA plan.  Respondents' answers to the Commission's interrogatories raise questions of whether Respondents' plan was an ERISA plan.  The

question of whether the plan is subject to ERISA is a material issue in
dispute which must be decided at public hearing.

26.     While acknowledging that there is a possibility of preemption, MCAD failed to point to
any specific interrogatory responses or any other evidence which allegedly "raise[d]
questions" as to whether Sirva's Plan was an ERISA plan.

27.     Knight's own sworn charge admits facts that are more than sufficient to establish that the
plan was an ERISA plan, which simply require that there be (1) a plan; (2) established by
an employer; (3) providing disability benefits; (4) to a plan participant. Moreover, the
documentary evidence submitted to the MCAD by Respondents in connection with the
MCAD proceeding indisputably confirmed these conclusions.

28.     As a result, there is no documentary or other evidence that suggests that Sirva's Plan
and the Aetna Policy that is part of the Plan are not governed by ERISA.  Since the
ERISA status of the Plan and the Policy was clear and the state law claim clearly
preempted, Sirva and Aetna moved for reconsideration of the probable cause finding.

29.     MCAD nonetheless denied Respondents' Motion for Reconsideration of Probable Cause
Finding and subsequently issued a post-determination discovery order dated February 1,
2013.

30.     Per the discovery order, all parties to the MCAD proceeding served discovery.  Aetna
and Sirva served interrogatories on Mr. Knight which were intended to elicit the factual
basis of Mr. Knight's position that the Plan is not an ERISA plan.  Mr. Knight, however,
objected on grounds of privilege, and no facts supporting this assertion were provided.

31.     MCAD issued a notice of a pre-hearing conference for September 10, 2013, which
required filing a joint pre-hearing memorandum addressing a variety of factual and legal
issues in anticipation of the hearing on the Charge itself.  The Plaintiffs explained in
detail in the joint pre-hearing memorandum that the issue of preemption remained
outstanding, and that a public hearing before the MCAD could and should be avoided

simply by the MCAD addressing that issue alone.  The MCAD again took no action to resolve the preemption issue raised by the Plaintiffs.

32. The MCAD ordered a public hearing, which is the MCAD's version of a trial, to be held in January, 2014 on Knight's Charge.

33. The MCAD has declined all opportunities to decide whether the employee benefit plan at issue in Knight's charge is governed by ERISA and has refused to decide that issue.

34. The MCAD has declined all opportunities to decide whether Knight's Charge is preempted by ERISA and has refused to decide that issue.

35. The Plaintiffs are not receiving, and will not receive, a full and fair opportunity to assert and rely upon ERISA preemption in defending against Mr. Knight's Charge, and are being forced to expend a significant amount of time and resources to defend a full blown MCAD proceeding from start to finish, when a simple and straightforward review of the facts should have resulted in the issue of ERISA preemption being promptly resolved in favor of the Plaintiffs.

36. Pursuant to *Gross v. Sun Life Assurance Company of Canada*, 2013 WL 4305006 (1st Cir.), in order to determine whether ERISA governs, a welfare benefit plan must be analyzed in order to determine whether it has the requisite "five essential constituents:" (1) a plan, fund or program; (2) established or maintained; (3) by an employer or by an employee organization, or by both; (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death . . . benefits; (5) to participants or their beneficiaries.  *Wickman v. Nw. Nat'l Ins. Co.*, 908 F.2d 1077, 1082 (1st Cir.1990)

37. "[T]he crucial factor in determining if a 'plan' has been established is whether the purchase of the insurance policy constituted an expressed intention by the employer to provide benefits on a regular and long term basis."  *Wickman* at 1083.  Such inquiry must be performed from a reasonable person perspective: "[A] plan, fund or program under ERISA is established if from the surrounding circumstances a reasonable person

can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Id.* at 1082.

38.     Sirva provided benefits for its employees "on a regular and long term basis," including long term disability benefits.

39.     The long term disability benefits are included in Sirva's SOC.  Moreover, Knight applied for and received long term disability benefits under Group Life and Accident Policy No. GP-604000-A issued by Aetna.  This Policy is part of the Plan that provided benefits to Sirva's employees.

40.     Sirva's package of insurance benefits constituted a unitary ERISA program, which included the long term disability benefits provided to Knight and which were provided under the Policy issued by Aetna.  Benefits confirmation statements sent to Knight in 2004 and 2005 identify Knight's long term disability benefits as an employment benefit, along with the vision, dental and life insurance coverages provided to him.

41.     Sirva's employee benefit plan included various coverages, including a group long term disability policy issued by Aetna.  This plan represented a "calculated commitment to qualified employees for similar benefits regularly in the future."  *Wickman*, 908 F.2d at 1083.

42.     Sirva's plan, through which it offered, *inter alia*, long term disability benefits to its employees, is subject to and governed by ERISA.

43.     Pursuant to 29 U.S.C. §1144, ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."

44.     Pursuant to 29 U.S.C. §1144, any state law that has the effect of specifying who must receive benefits under the terms of an employee benefit plan is preempted.

45.     Any attempt by the Commissioner Defendants to investigate or adjudicate Mr. Knight's Charge and his state law claims will interfere with the rights of Plaintiffs to be free from state regulation of ERISA plans.

46. The state law claim at issue in the MCAD proceeding, the MCAD's authority to investigate and adjudicate that claim, any relief or recovery that the MCAD could order, and the MCAD proceedings themselves, are all preempted under ERISA.

47. The MCAD has no jurisdiction over the Plan or the Plaintiffs with regard to Mr. Knight's Charge, which solely concerns the Plan.

48. MCAD and the Commissioner Defendants refuse to decide the ERISA status of the Plan and to find that their investigation, the MCAD proceedings, and the state law claim are preempted. MCAD and the Commissioner Defendants have thereby deprived the Plaintiffs of their legal rights, and of their ability to vindicate and maintain their rights under ERISA. MCAD and the Commissioner Defendants have thereby also deprived the Plaintiffs of their legal rights to the federal forum.

## COUNT I

49. The Plaintiffs incorporate and restate as though fully set forth herein, the allegations contained in paragraphs 1-48 above.

50. An actual controversy exists in light of ERISA's express preemption of the applicable state laws and of MCAD's proceedings and regulatory authority with regard to the benefits provided by Sirva that are at issue in Knight's Charge.

51. An actual controversy exists in light of MCAD's continued investigation of the Charge despite the preemption of its authority and of the state laws at issue.

52. An actual controversy exists in light of MCAD's refusal to decide the preemption issue, and of MCAD's refusal to decide or acknowledge the ERISA governed status of the applicable benefit plan.

53. An actual controversy exists in light of MCAD's refusal to recognize the federal legal question controlling the Charge and the controlling effect of ERISA.

54.     An actual controversy exists in light of MCAD's scheduling of a final, adjudicative proceeding – the public hearing – on Knight's Charge, where it has no jurisdiction pursuant to Congress' express decision to preempt the field of employee benefit plan regulation, as set forth in ERISA.

55.     The Plaintiffs seek a binding declaration that the state law claims asserted by Mr. Knight are preempted by ERISA, that the MCAD proceedings are preempted by ERISA, that the charge is preempted by ERISA, that the MCAD therefore lacks jurisdiction to investigate, adjudicate and otherwise process Mr. Knight's charge and that any and all relief that the MCAD could order is preempted.

56.     The Plaintiffs further seek a binding declaration that the Commonwealth, the MCAD and the Commissioner Defendants have no authority, and therefore cannot, further process Mr. Knight's charge.

57.     Based on the above facts, it is clear that MCAD and the Commissioner Defendants have not to date, and will not in the future, afford Plaintiffs a full and fair opportunity to adjudicate the preemption issue or the Plaintiffs' rights under ERISA.


**WHEREFORE**, Plaintiffs request that the Court:

A.      Declare that the MCAD proceedings and the state law claims raised in those proceedings are preempted by ERISA in connection with the Charge, and that the MCAD does not have jurisdiction to entertain Mr. Knight's claims;

B.      Preliminarily and permanently enjoin all Defendants from investigating, adjudicating or otherwise processing Mr. Knight's Charge; and

C.      Issue such other relief as is just and proper.

October 8, 2013                        Respectfully submitted,

                                       SIRVA RELOCATION LLC and
                                       AETNA LIFE INSURANCE COMPANY, Plaintiffs
                                       By their Attorneys,

                                       *Stephen D. Rosenberg*

                                       _____
                                       Stephen D. Rosenberg      [BBO# 558415]
                                       David R. Suny              [BBO# 600326]
                                       THE MCCORMACK FIRM, LLC
                                       One International Place - 7th Floor
                                       Boston, MA    02110
                                       Ph:   617•951•2929
                                       Fax:  617-951-2672
                                       E-mail: srosenberg@mccormackfirm.com
                                               dsuny@mccormackfirm.com

192492.1

# CERTIFICATE OF SERVICE

        I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 8th day of October, 2013.

              /s/     *Stephen D. Rosenberg*
                      _____
                             Stephen D. Rosenberg

*In re:*    Sirva Relocation, LLC and Aetna Life Insurance Company
        *v.*
        Julian T. Tynes, Sunila Thomas-George and Jamie R. Williamson *in their Official Capacities*
        *as Commissioners of the Massachusetts Commission Against Discrimination,*
        Massachusetts Commission Against Discrimination,
        Commonwealth of Massachusetts and
        David Knight

# LIST OF EXHIBITS
## TO
## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

| | |
|---|---|
| **Exhibit A** | Summary of Coverage |
| **Exhibit B** | Policy |
| **Exhibit C** | Knight's Charge filed with the MCAD |
| **Exhibit D** | MCAD Ruling |
| **Exhibit E** | Answer and Position Statement |
| **Exhibit F** | Answers of Sirva and Aetna to MCAD's Request for Information |
| **Exhibit G** | Probable Cause Finding |

192334.1